699 So.2d 1027 (1997)
James ROONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1672.
District Court of Appeal of Florida, Fifth District.
August 8, 1997.
Rehearing Denied September 17, 1997.
James B. Rooney, Raiford, pro se.
No Appearance for Appellee.
PER CURIAM.
Rooney appeals from a denial of his post-conviction pleading he styles as the "Great *1028 Writ of Habeas Corpus." It is indeed "great," in the sense of being huge in size. It consists of eighty-eight pages and numerous exhibits. It is also "great" in the sense of being greatly over-used and improper.
In this most current collateral attack on his 1992 convictions and sentences for arson of a structure, burglary of a dwelling, criminal mischief and retaliating against a state witness,[1] Rooney argues that his trial counsel was ineffective for various reasons, and that the trial court erred in various ways. These arguments were raised in his direct appeal, as well as his prior Rule 3.850 motion, and were rejected by the trial court. This court affirmed his direct appeal. See Rooney v. State, 654 So.2d 673 (Fla. 5th DCA 1995). And, we refused to grant an belated appeal from the trial court's denial of his Rule 3.850 motion. Rooney v. State, No. 96-2322 (Fla. 5th DCA, Nov. 7, 1996) (unpublished order).
This petition is successive and improper. All of Rooney's claims about ineffective assistance of counsel raised in this pleading have been considered and rejected. It is an abuse of process to continuously raise the same issues after they have been decided on the merits. See Foster v. State, 614 So.2d 455 (Fla.1992), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Jones v. State, 591 So.2d 911 (Fla.1991); Adams v. State, 484 So.2d 1216 (Fla.), cert. denied, 475 U.S. 1103, 106 S.Ct. 1506, 89 L.Ed.2d 906 (1986). This bar of successive and repetitive claims applies equally to habeas corpus petitions. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Mason v. State, 627 So.2d 1352 (Fla. 5th DCA 1993); Dyer v. State, 655 So.2d 123 (Fla. 5th DCA 1995).
In O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997), we recently stated:
We direct post-conviction litigants to the Criminal Appeal Reform Act of 1996, Chapter 96-248. This Act added section 924.051(9), Florida Statutes, which provides that it is the intent of the Legislature that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced. Further, a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having all or any part of his or her gain time forfeited. Section 944.28(2)(a), Florida Statutes. At this point, O'Brien is filing documents faster than this court can dispose of them. Clearly, the Legislature is trying to cut down on exactly this sort of behavior. In accordance with the Criminal Appeal Reform Act, and in order to conserve our judicial resources, we prohibit Mr. O'Brien from filing any further pro se pleadings with this court concerning his 1976/1980 convictions and sentences.
In accordance with the Criminal Appeal Reform Act and in order to conserve our judicial resources, we prohibit Rooney from filing any additional pro se pleadings with this court seeking to challenge his convictions and sentences in Circuit Court Case No. 92-7018CFA. Accordingly, we affirm the denial of the writ filed below.
AFFIRMED.
GRIFFIN, C.J., and COBB and W. SHARP, JJ., concur.
NOTES
[1] §§ 806.01(2); 810.02(1) & (3); 806.13; 914.23, Fla. Stat. (1991).