THOMPSON, J.
Dallas Hartline appeals Ms judgment and sentence.
First, Hartline contends that the reclassification of his sexual battery conviction from a second degree felony to a first degree felony was improper because the reclassification provision, section 794.023, applies only if a charge is brought pursuant to section 794 .011. Since he was charged and convicted pursuant to section 800.04(3), he argues, the court should not have reclassified the crime. Second, he contends that he was improperly designated a sexual predator under section 775.21, because the only basis for his being classified a sexual predator was the improperly enhanced sexual battery conviction. We agree and reverse for resentencing as to count four.
Hartline was convicted in count one of lewd and lascivious assault upon a child,[1] in counts two and three of sexual battery upon child,[2] in count four of sexual battery upon a child by multiple perpetrators,[3] and in count five of the lesser included offense *91 of sexual battery upon a child.[4] The original charge in count five was sexual battery upon a child by multiple perpetrators. Although Hartline was charged under section 800.04, in counts four and five, the state also charged a “violation” of section 794.023, which requires reclassification of the conviction and penalty for a violation of section 794.011 when there are multiple perpetrators.
At sentencing, the trial court used count four as the primary offense, and, pursuant to section 794.023, reclassified the conviction from a felony of the second degree to a felony of the first degree. Hartline was then sentenced to 27.25 years in prison on count four, concurrent 15-year sentences on counts one, two, three and five, and ten year’s probation on count two consecutive to the prison terms. The trial court also declared Hartline a sexual predator based on his first-degree felony conviction of sexual battery on a child with multiple perpetrators.
Initially, we address whether Hartline preserved this issue for appeal. The state argues that Hartline did not make a contemporaneous objection at sentencing. Citing Maddox v. State, 708 So.2d 617 (Fla. 5th DCA), rev. granted, 718 So.2d 169 (Fla.1998), the state argues that Hartline waived the issue by failing to object or file a timely motion under Florida Rule of Criminal Procedure 3.800(b). We think the issue was preserved for appeal during the charge conference. While debating whether to give an instruction on the enhancement statute, which the court ultimately gave, Hartline’s attorney objected to the instruction arguing that it could only be given when sexual battery was charged under section 794.011.
The state argues that section 794.023[3] applies to section 800.04(3) as well as section 794.011, because both statues deal with children as the victims of sexual battery. Citing the state’s compelling interest in protecting children from being exploited by adults, B.B. v. State, 659 So.2d 256 (Fla.1995), the state argues that it is apparent that the legislative intent was to enhance the penalty under both statutes. We disagree.
Section 800.04, Florida Statutes (1995), states in pertinent part:
800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child.—A person who:
[[Image here]]
(3) Commits an act defined as sexual battery under s. 794.011(l)(h) upon any child under the age of 16 years,
[[Image here]]
without committing the crime of sexual battery, commits a felony of the second degree [e.s.]
In contrast, section 794.011 requires the state to prove lack of consent by the victim, an element which section 800.04(3) does not contain. Moreover, the language of section 800.04(3) differentiates the two statutes. Specifically, section 800.04(3) pertains only to the commission of an act defined as sexual battery under 794.011(l)(h), without the commission of the crime of sexual battery. The Florida Supreme Court wrote that the language *92 contained in section 800.04 “makes it clear that these particular crimes are mutually exclusive.” State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987). Finally, by its terms, the applicability of section 794.023 is limited to section 794.011. We presume that the legislature was aware of the difference between section 800.04 and 794.011, and that if it had intended section 794.023 to apply to both it would have said so plainly. The language in these statutes is clear and unambiguous and should be given effect as written. See McLaughlin v. State, 721 So.2d 1170 (Fla.1998); Opperman v. Nationwide Mut Fire Ins. Co., 515 So.2d 263, 266 (Fla. 5th DCA 1987), rev. denied, 523 So.2d 578 (Fla.1988). In the case sub judice, the state could have charged Hartline with a sexual battery pursuant to section 794.011, but elected not to. Instead it elected to charge indecent assault pursuant to 800.04. By selecting this statute, the state forfeited the application of enhancement statute since the enhancement only . applies section 794.011. See Edwards v. State, 613 So.2d 508 (Fla. 5th DCA 1993). Therefore, Hartline’s conviction and sentence were improperly enhanced. We remand for re-sentencing and direct the trial court to strike the sexual predator designation.
REVERSED and REMANDED with directions.
DAUKSCH and GRIFFIN, JJ., concur.

. § 800.04(1), Fla.Stat. (1995).

. § 800.04(3), Fla.Stat. (1995).

.§ 800.04(3), Fla.Stat.- (1995).

. § 800.03(3), Fla.Slat. (1995)

. 794.023 Sexual battery by multiple perpetrators; enhanced penalties.—
(1) The Legislature finds that an act of sexual battery, when committed by more than one person, presents a great danger to the public and is extremely offensive to civilized society. It is therefore the intent of the Legislature to provide enhanced penalties for acts of sexual battery committed by more than one person.
(2) The penally for a violation of s. 794.011 shall be increased as provided in this subsection if it is charged and proven by the prosecution that, during the same criminal transaction or episode, more than one person committed an act of sexual battery on the same victim.
(b) A felony of the first degree shall be punishable as if it were a life felony.