**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Noah ROBINSON, Defendant–Appellant.**

No. 98–2038.

United States Court of Appeals, Seventh Circuit.

Submitted April 20, 2001.

Decided May 7, 2001.

David E. Bindi (submitted), Barry Rand Elden, Chief of Appeals, Office of the U.S. Attorney, Criminal Division, Chicago, IL, for plaintiff–appellee.

Noah Robinson (submitted), Edgefield, SC, pro se.

Before POSNER, RIPPLE, and ROVNER, Circuit Judges.

PER CURIAM.

Noah Robinson is an incessant repetitive filer of frivolous motions attacking his conviction and sentence. In the original appeal, though he was represented by counsel, he filed five motions for leave to file a supplemental pro se brief, and we remarked, in the course of upholding his conviction, the tardy and repetitive character of these motions. *United States v. Boyd*, 208 F.3d 638, 641 (7th Cir.2000). He filed four other meritless pro se motions, two before and two after our judgment was issued. After our judgment was vacated by the Supreme Court and the case remanded to us for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), see *Boyd v. United States*, —— U.S. ——, 121 S.Ct. 1072, 148 L.Ed.2d 949 (2001) (per curiam), and after the receipt of 7th Cir. R. 54 statements from the parties in the case (the defendants' statement being submitted by Robinson's counsel on behalf of Robinson and the other defendants), we reinstated our original judgment. *United States v. Green*, No. 98–2036, 2001 WL 338109 (7th Cir. Apr.3, 2001). Since then, Robinson has filed eleven motions with this court, all frivolous, all moot because we have decided the case; they are hereby dismissed. Our records reveal, in addition, seven mandamus petitions by Robinson, seven appeals from denials of habeas corpus, one petition for habeas corpus, and two appeals of detention orders. All but two of these pleadings were filed pro se and in one of the two he filed two pro se motions for reconsidera-

**596**

tion and two pro se motions to submit supplemental arguments. All his pro se motions and other pro se pleadings have been meritless.

 Robinson's conduct raises in acute form the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious appeals and motions. In *Alexander v. United States*, 121 F.3d 312 (7th Cir.1997), in the exercise of the inherent power of this court to prevent vexatious litigation, we imposed sanctions for the filing of repetitive frivolous applications for leave to file a successive habeas corpus petition. The present case is as clear for sanctions as *Alexander* was, though it differs in two respects. First, habeas corpus is technically a civil remedy, and Robinson's motions are filings in a criminal case. Second, unlike successive habeas corpus petitions, repetitive motions can be returned to the movant without the court's having to rule on their merits. 7th Cir. Operating Proc. 1(a)(8). These are distinctions without real differences. Habeas corpus petitions usually and in *Alexander* are methods of challenging a criminal conviction, which is precisely what Robinson is seeking to do in the motions at issue here; and having to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling. There is no legal objection to the imposition of sanctions for frivolous filings in a criminal case, *United States v. Cooper*, 170 F.3d 691, 692 (7th Cir.1999); see also *In re Becraft*, 885 F.2d 547, 550 (9th Cir. 1989) (per curiam), though such imposition is rare. Not having warned Robinson that he was risking sanctions by filing his repetitive motions, we shall not impose them now; but let this opinion be a warning to him (and others similarly situated) that he will be courting sanctions, monetary and otherwise (see *Alexander*), if he continues in his current course of frivolous motion practice.