806 So.2d 595 (2002)
Dallas HARTLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3381.
District Court of Appeal of Florida, Fifth District.
February 1, 2002.
Dallas Hartline, Quincy, pro se.
No Appearance for Appellee.
SHARP, W., J.
Hartline appeals from the summary denial of his motion for post-conviction relief, in which he sought DNA testing. Although the motion was filed prior to the enactment of Florida Rule of Criminal Procedure 3.853 and section, 925.11, Florida Statutes (2001),[1] the trial court nonetheless considered the motion on the merits. We affirm.
Hartline was tried and convicted of sexual battery (multiple perpetrators),[2] lewd and lascivious act on a child,[3] and three counts of sexual battery on a minor under sixteen years.[4] On appeal, his conviction and sentence for sexual battery by multiple perpetrators was reversed. See Hartline v. State, 743 So.2d 90 (Fla. 5th DCA 1999).
In his motion, Hartline claims the state's expert witness testified the DNA tests were inconclusive and requested that the court below have the DNA evidence reanalyzed. The court concluded there was no reasonable probability that Hartline would be acquitted if the DNA evidence was reexamined.
Upon review of the attached portions of the trial transcript, we agree with the court below that there is no reasonable probability of acquittal if the DNA evidence was reexamined. Hartline's identity was not in question and based on the sexual activity with the child victim which he admitted performing, the victim's testimony, and acts an eyewitness described, *596 even exculpatory DNA results would not have been given any weight by the jury.
AFFIRMED.
THOMPSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] See Amendment to Florida Rules of Criminal Procedure Creating Rule 3.853, 807 So.2d 633 (Fla.2001). See also Ch. 01-97, Laws of Florida.
[2] §§ 800.04(3) and 794.023, Fla. Stat. (1995).
[3] § 800.04(1), Fla. Stat. (1995).
[4] § 800.04(3), Fla. Stat. (1995).