840 So.2d 352 (2003)
Christopher Edward HAWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3902.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
*353 Christopher E. Hawn, Daytona Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
We deny Hawn's appeal from the summary denial of his second motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Hawn was convicted in 1988 of burglary of a dwelling with a battery, and two counts of sexual battery on an eight-year-old boy. Based on a negotiated plea, he was sentenced to twelve years in prison, followed by fifteen years of probation. He did not appeal and after spending five years in prison, he was released on probation. When he violated his probation in 2001, he was resentenced to twenty-five years in prison, within the permitted range of the guidelines.
Hawn then brought three collateral attacks on the original conviction. In the first proceeding labeled "Petition for Writ of Error Coram Nobis/Rule 3.800 Motion," he asserted various claims regarding the convictions, but he did not assert a claim of newly discovered evidence. He also claimed his sentencing scoresheet was incorrect, his counsel was ineffective and his plea was coerced. The trial court denied his motions and this court affirmed. Hawn v. State, 803 So.2d 742 (Fla. 5th DCA 2001).
Next Hawn filed a petition for "Writ of Habeas Corpus ad Faciendum Recipiendum and/or Motion for Post Conviction Relief 3.850." He argued fundamental error because he had been convicted under section 794.011, which he claimed was constitutionally invalid. This court rejected his argument in another case. Gray v. State, 826 So.2d 317 (Fla. 5th DCA 2002). The trial court denied his petition; it was appealed to the Florida Supreme Court, which transferred it to this court. We affirmed. See Hawn v. State, Case No. 02-1336, 835 So.2d 1147 (5th DCA Jan. 7, 2003).
In his current proceeding, Hawn again seeks to correct an illegal sentence, which the trial court denied as successive. He also reiterates several claims he made in his first collateral attack, which were rejected in Hawn v. State, 803 So.2d 742 (Fla. 5th DCA 2001). One such issue was the question of victim injury and penetration and improper assessment of injury points. This claim is not only successive, but is improperly brought under a rule 3.800 motion because the error, if it exists, cannot be ascertained from the face of the record. Holland v. State, 672 So.2d 566 (Fla. 5th DCA), rev. denied, 678 So.2d 338 (Fla.1996). In addition, since this was a negotiated plea case, a defendant must make a contemporaneous objection to an alleged Karchesky error.[1]See also State v. Montague, 682 So.2d 1085 (Fla.1996).
Hawn's claims in this proceeding are also improper because they were raised in prior post-conviction proceedings, after being considered on the merits. The law of the case doctrine applies. See Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA 1996).
*354 We warn Hawn that additional collateral attacks on his convictions and sentences, if successive and improper, may result in sanctions, including an order from this court barring him from filing additional collateral attacks on those convictions and sentences without obtaining the co-signature and endorsement by a person licensed to practice law in this state.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] See Karchesky v. State, 591 So.2d 930 (Fla. 1992).