868 So.2d 667 (2004)
Michael Curtis DONOVAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-3343.
District Court of Appeal of Florida, Fifth District.
March 29, 2004.
Michael Curtis Donovan, Wewahitckha, pro se.
No Appearance for Respondent.

ON ORDER TO SHOW CAUSE
PER CURIAM.
In this ten year old case, Michael Curtis Donovan entered a knowing, voluntary plea to the crime of sexual battery. For the twelfth time, Donovan seeks relief in this court. This time, Donovan seeks a belated appeal.
Evidently, Donovan attempts to achieve by volume filing that which cannot be done by meritorious argument. Since Donovan has been "filing documents faster than this court can dispose of them," Rooney v. State, 699 So.2d 1027, 1028 (Fla. 5th DCA 1997), and since we have found his arguments and numerous filings to be without merit, we issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla. 1999), which held that a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond. In response, Donovan reiterates the grievances and arguments previously made. Donovan claims this court is mistaken about the facts, which it is not. He also asserts this court is mistaken about the law, which it is not. Donovan does not realize how well this court knows the facts of his 1994 case and its extensive history. See Demo v. State, 833 So.2d 168 (Fla. 5th DCA 2002) ("This court retains copies of its criminal appeals, including bench memos, dating back to 1989 ... and earlier. Thus our determination that a post-conviction motion is successive need not depend solely on attachments by the trial court").
We do not take the action of barring a defendant from further pro se pleadings lightly. However, we find no merit in Donovan's response to the order to show cause. Therefore, we hold that his successive challenges to his judgment and sentence constitute an abuse of the judicial system. See, e.g., Baker v. State, 29 Fla. L. Weekly S105,___So.2d___, 2004 WL 439879 (Fla. March 11, 2004) (holding that a limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice); Isley v. *668 State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (re-raising arguments "heard, considered, and rejected ... is an abuse of process"). Further, we warn Donovan that he cannot ignore this procedural bar by attacking, in his case no. 99-29181, his conviction in case no. 94-19184.
In accordance with the Criminal Appeal Reform Act of 1996, we prohibit Donovan from any additional pro se filing relating to his conviction and sentence in the underlying case. Any further filings in this court relating to his conviction and sentence must be reviewed and signed by an attorney licensed to practice law in the State of Florida. The Clerk of the Court of the Fifth District Court of Appeal is directed not to accept any further pro se filings from Michael Curtis Donovan regarding his Brevard County case identified as 18th Judicial Circuit Court Case No. 94-19184.
GRIFFIN, THOMPSON, and MONACO, JJ., concur.