869 So.2d 752 (2004)
Kenya Laron PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-907.
District Court of Appeal of Florida, Fifth District.
April 8, 2004.
Kenya Laron Proctor, Raiford, pro se.
No appearance for Appellee.
PER CURIAM.
In early March 1995, defendant Kenya Laron Proctor (while with two of his friends, Mark Russell and Jedediah McGlocking) robbed and shot in the face an acquaintance of his friends. Proctor was convicted of Attempted First-Degree *753 Premeditated Murder, Robbery with a Firearm, and Kidnaping. Proctor filed a direct appeal and argued that the trial court erred in "refusing to allow the mental health experts to testify for the defense." This court per curiam affirmed. Proctor v. State, 689 So.2d 1086 (Fla. 5th DCA 1997).
Depending upon how one counts, Proctor is now appearing here for the 9th or 10th time in his nine-year-old case. In this current appeal No. 5D03-907, as he did in our No. 5D03-917, he contends his sentence was improperly calculated and illegal. Since this court per curiam affirmed in No. 03-917, this court hereby affirms in this case, No. 5D-907, as well. The court below was right. Defendant's motion is successive and without merit.
As our Clerk can attest, Proctor has been "filing documents faster than this court can dispose of them," Rooney v. State, 699 So.2d 1027, 1028 (Fla. 5th DCA 1997). Because of that and because we found his arguments and numerous filings to be without merit, we issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). In response, Proctor again wrongly asserts that his sentence is illegal.
We do not take the action of barring a defendant from further pro se pleadings lightly. However, "Enough is enough." Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). Finding no merit in Proctor's numerous filings, we must hold that his successive challenges to his judgments and sentence constitute an abuse of the judicial system. See, e.g., Baker v. State, ___ So.2d ___, 2004 WL 439879 (Fla. Mar.11, 2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice).
This abuse of the judicial system is affecting the federal system too. For example, in United States v. Robinson, 251 F.3d 594 (7th Cir.2001), the federal court remarked:
[Defendant] is an incessant repetitive filer of frivolous motions attacking his conviction and sentence. In the original appeal, though he was represented by counsel, he filed five motions for leave to file a supplemental pro se brief, and we remarked, in the course of upholding his conviction, the tardy and repetitive character of these motions.
* * * *

[H]aving to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling. There is no legal objection to the imposition of sanctions for frivolous filings in a criminal case, United States v. Cooper, 170 F.3d 691, 692 (7th Cir.1999); see also In re Becraft, 885 F.2d 547, 550 (9th Cir.1989) (per curiam), though such imposition is rare. Not having warned Robinson that he was risking sanctions by filing his repetitive motions, we shall not impose them now; but let this opinion be a warning to him (and others similarly situated) that he will be courting sanctions, monetary and otherwise (see Alexander [v. United States, 121 F.3d 312 (7th Cir.1997)]), if he continues in his current course of frivolous motion practice.
(emphasis added). See also United States v. Moussaoui, No. 01-455-A (E.D.Va. Nov. 5, 2003) (court has broad discretion regarding its "inherent power to impose order, respect, decorum, silence and compliance with lawful mandates."). The burden on our staff from such "frequent filers" is *754 also great. This court's post-conviction caseload has increased by 90% in the last 10 years without any accompanying increase in the central staff.
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve our strained judicial resources, we prohibit Proctor from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentence in the underlying case. Any further pleadings filed in this court relating to his convictions and sentence must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Kenya Laron Proctor regarding St. Johns County, 7th Judicial Circuit Court No. CF95-343.
AFFIRMED.
SHARP, W., PETERSON, ORFINGER, JJ., concur.