876 So.2d 634 (2004)
Rickey Edward FILLMORE, a/k/a Johnny Leslie Simmons, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3892.
District Court of Appeal of Florida, Fifth District.
June 18, 2004.
Rickey Edward Fillmore, a/k/a Johnny Leslie, pro se.
No Appearance for Appellee.

ON ORDER TO SHOW CAUSE
PER CURIAM.
The defendant Rickey Edward Fillmore, a/k/a Johnny Leslie Simmons,[1] entered into a knowing, voluntary plea to Grand Theft. He received a legal, five-year sentence. Fillmore/Simmons appealed the denial of his Motion To Vacate, Set Aside or Correct Sentence. Notwithstanding the fact that his case was only a 2001 case, it *635 was his 13th action in this court.[2] Fillmore/Simmons admitted that the postconviction motion was not his first such motion, but gave various excuses why it should not be procedurally barred. None of the reasons he gave qualify as valid reasons under Rule 3.850.
Since Fillmore/Simmons has been "filing documents faster than this court can dispose of them," Rooney v. State, 699 So.2d 1027, 1028 (Fla. 5th DCA 1997), and since we found Fillmore/Simmons arguments to be without merit, we affirmed the lower court and issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). Finding no merit in his response, we find that his successive challenges to his judgment and sentence constitute an abuse of the judicial system. See, e.g., Baker v. State, 878 So.2d 1236, 2004 WL 439879 (Fla. Mar.11, 2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice); Young v. State, 852 So.2d 368, 369 (Fla. 5th DCA 2003) ("As it has for others, the number thirteen has proven to be unlucky for [defendant]."); Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (re-raising arguments "heard, considered, and rejected ... is an abuse of process").
This abuse of the judicial system is affecting the federal system too. For example, in United States v. Robinson, 251 F.3d 594 (7th Cir.2001), the federal court remarked:
[Defendant] is an incessant repetitive filer of frivolous motions attacking his conviction and sentence. In the original appeal, though he was represented by counsel, he filed five motions for leave to file a supplemental pro se brief, and we remarked, in the course of upholding his conviction, the tardy and repetitive character of these motions.
* * * *

[H]aving to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling. There is no legal objection to the imposition of sanctions for frivolous filings in a criminal case, United States v. Cooper, 170 F.3d 691, 692 (7th Cir.1999); see also In re Becraft, 885 F.2d 547, 550 (9th Cir.1989) (per curiam), though such imposition is rare. Not having warned Robinson that he was risking sanctions by filing his repetitive motions, we shall not impose them now; but let this opinion be a warning to him (and others similarly situated) that he will be courting sanctions, monetary and otherwise (see Alexander [v. United States, 121 F.3d 312 (7th Cir.1997)]), if he continues in his current course of frivolous motion practice.
(emphasis added). See also United States v. Moussaoui, No. 01-455-A (E.D.Va. Nov. 5, 2003) (court has broad discretion regarding its "inherent power to impose order, respect, decorum, silence and compliance with lawful mandates").
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Fillmore/Simmons from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentence in the underlying case. Any further pleadings filed in this court *636 relating to his convictions and sentence must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Fillmore/Simmons seeking relief in St. Johns County, Seventh Judicial Circuit Court No. CF-01-1655.
SHARP, W., PALMER, and TORPY, JJ., concur.
NOTES
[1] Defendant also has a large number of other aliases: Edward Burton; Jermaine Burton; Thomas Kilpatrick Burton; Barry Cox; George Fuller; Barry Guy; Jerry Hunter; Dennis Miller; Emmanuel Lewis Newman; Abdur Rahman Numan; Emmanuel Rupert Numan; Edward Lee Owens; Walter Leo Parks; Jermaine Simmons; Johnie Lesley Simmons; Johnnie Simmons; Johnny L. Simmons; Ricky Simmons; Dennis Mitchell Simms; Dennis Sims; Lee Ira Stafford; Dennis White; and Dennis Williams.
[2] Previous cases were: Nos. 02-1924; 02-1981; 02-2527; 02-2601; 02-2942; 03-2403; 03-2783; 03-2025; 03-3162; 03-3756; 03-2765; and 03-3792.