878 So.2d 470 (2004)
Johnny Ray GAFFNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-318.
District Court of Appeal of Florida, Fifth District.
July 30, 2004.
*471 Johnny Ray Gaffney, Polk City, pro se.
No appearance for Appellee.
THOMPSON, J.
In his 19-year-old case, defendant Johnny Ray Gaffney was convicted of committing capital sexual battery upon a 7- or 8-year-old girl. He was sentenced to life in prison with a 25-year minimum mandatory sentence on 22 October 1985. Gaffney appealed. This court affirmed the defendant's conviction and sentence, except for the imposition of costs. Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986). He sought review with the Florida Supreme Court, but review was denied. Gaffney v. State, 506 So.2d 1041 (Fla.1987).
In addition to his activities in other state and federal courts, Gaffney is appearing in this court for the eleventh time. Because we found his arguments and numerous filings to be without merit, we issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond).
In response, Gaffney maintains that his Rule 3.853 appeal cannot be an abuse of process because, in adding Rule 3.853, "The Florida Legislature and Florida Supreme Court has allowed the Appellant an opportunity (right) to file these proceedings...." However, we conclude that Gaffney is continuing to abuse the process by taking advantage of a new rule and using it as an excuse to again contest his 1985 conviction and sentence. Even if this new rule were a "right" bestowed upon Gaffney, he has now exercised that right, and it is time for him to go. In fact, this court attempted to bar Gaffney's frivolous actions back in 2000, but the wrong lower court case number was inadvertently cited, allowing Gaffney to continue to file his meritless claims. Gaffney v. State, 775 So.2d 1000 (Fla. 5th DCA 2000).
Gaffney admits that identity is not an issue in his case, and it is clear that he has absolutely no grounds for relief under Rule 3.853. See Ch. 01-97, Laws of Florida; Amendment to Fla. Rules of Criminal Procedure Creating Rule 3.853, 807 So.2d 633 (Fla.2001); Galloway v. State, 802 So.2d 1173 (Fla. 1st DCA 2001) (relevance is not the test under Rule 3.853; rule requires that defendant explain how a DNA test will exonerate him or mitigate his sentence); Hartline v. State, 806 So.2d 595 (Fla. 5th DCA 2002) (no reasonable probability that defendant would be acquitted if the DNA evidence was reexamined); see also King v. State, 808 So.2d 1237 (Fla.2002) (DNA testing not known when crimes occurred; state could not have known that specimens destroyed after other analysis might someday have been scrutinizable for DNA; and defendant showed no bad faith on the state's part); Guzman v. State, 868 So.2d 498 (Fla.2003) (defendant failed to establish any bad faith on state's part re: the destruction of evidence).
As we have stated before, we do not take the action of barring a defendant from further pro se pleadings lightly. A great deal of research into a defendant's prior history is performed by this court every time such an action is contemplated. However, finding no merit in Gaffney's numerous filings, we must hold that his successive challenges to his judgments and sentence constitute an abuse of the judicial *472 system.[1]See, e.g., Baker v. State, 2004 WL 439879, 878 So.2d 1236 (Fla. Mar. 11, 2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice); United States v. Robinson, 251 F.3d 594 (7th Cir.2001) ("having to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling").
As we pointed out in Proctor v. State, 869 So.2d 752, 753-54 (Fla. 5th DCA 2004), "The burden on our staff from such `frequent filers' is also great. This court's post-conviction caseload has increased by 90% in the last 10 years without any accompanying increase in the central staff." See also Donovan v. State, 868 So.2d 667, 667 (Fla. 5th DCA 2004) (defendant "attempts to achieve by volume filing that which cannot be done by meritorious argument").
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve our strained judicial resources, we prohibit Gaffney from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentence in the underlying case. Any further pleadings filed in this court relating to his convictions and sentence must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Johnny Ray Gaffney regarding Putnam County, Seventh Judicial Circuit Court No. 85-1064-CF53.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
SHARP, W., J., concurs in part and dissents in part with opinion.
SHARP, W., J., concurring in part and dissenting in part.
In light of his numerous collateral attacks, it is clearly tempting to bar Gaffney from filing any further pro se pleadings concerning his 19 year-old-conviction. Nonetheless, this most recent proceeding involves the relatively new remedy under Florida Rule of Criminal Procedure 3.853 for postconviction DNA testing. Gaffney, like any other defendant, is entitled to try to use this remedy despite all of his prior filings.
Rule 3.853(d)(1) provides that a motion for postconviction DNA testing must be filed:
(A) Within 2 years following the date that the judgment and sentence in the case became final if no direct appeal was taken; within 2 years following the date the conviction was affirmed on direct appeal if an appeal was taken; within 2 years following the date collateral counsel was appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case in which the death penalty was imposed; or by October 1, 2003, whichever occurs later; or

*473 (B) At any time, if the facts on which the petition is predicated were unknown to the petitioner or the movant's attorney and could not have been ascertained by the exercise of due diligence. (emphasis added)
Here Gaffney filed his motion for post-conviction DNA testing on July 28, 2003, well before the October 1, 2003 deadline. I conclude that Gaffney simply failed to establish that DNA testing of the bed sheets could have possibly established his innocence in any way. At trial, he admitted he committed the sex acts on the child and the child so testified. Thus Gaffney's identity was not an issue. The lack of semen on the bed sheets would have only established that Gaffney failed to ejaculate  which is consistent with his testimony at trial  and not that he did not commit the sexual battery.
I would simply affirm the trial court's order denying Gaffney's motion for post-conviction DNA testing. However, I would not bar Gaffney from filing any further pro se pleadings based on this request. Perhaps the next time we heard from Gaffney, a Spencer[1] order would have been appropriate.
NOTES
[1] See Gaffney v. State, 527 So.2d 205 (Fla. 5th DCA 1988); Gaffney v. State, No. 88-418 (Fla. 5th DCA Apr.4, 1989); Gaffney v. State, No. 90-1264 (Fla. 5th DCA Sept. 5, 1990); Gaffney v. State, 681 So.2d 1211 (Fla. 5th DCA 1996); Gaffney v. State, No. 97-1370 (Fla. 5th DCA June 11, 1997); Gaffney v. Brooks, 712 So.2d 1291 (Fla. 5th DCA 1998); Gaffney v. State, 722 So.2d 205 (Fla. 5th DCA 1998); Gaffney v. State, 775 So.2d 1000 (Fla. 5th DCA 2000); Gaffney v. State, No. 03-617, 848 So.2d 338 (Fla. 5th DCA Apr. 22, 2003); Gaffney v. State, 854 So.2d 207 (Fla. 5th DCA 2003); see also Gaffney v. Singletary, No. 83,098, 634 So.2d 624 (Fla. Mar.16, 1994); Gaffney v. State, 700 So.2d 685 (Fla.1997); Gaffney v. State, 857 So.2d 195 (Fla. 5th DCA 2003).
[1] State v. Spencer, 751 So.2d 47 (Fla.1999).