SAWAYA, C.J.
Defendant Terry Maurice Dix, a/k/a Ji-haad Abdullah Qawi, shot the victim in the chest in 1996. The jury found him guilty of aggravated battery while in possession of a firearm. He was sentenced as a habitual offender to eighteen years in the Department of Corrections, followed by five years of probation. He appealed, and this court affirmed. Dix v. State, 747 So.2d 950 (Fla. 5th DCA 1999).
Now, Defendant appeals the denial of what is at least his fifth rule 3.800(a) motion, which is his eleventh postconviction filing here overall. This court issued a show cause order directing Defendant to demonstrate why he should not be prohibited from filing any further pro se appeals, petitions, pleadings or motions pertaining to this case. See State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that a court *448 can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). Finding no merit in his response, we conclude that his successive challenges to his judgment and sentence constitute an abuse of the judicial system. See, e.g., United States v. Robinson, 251 F.3d 594 (7th Cir.2001) (finding that incessant, repetitive filings of frivolous motions burden court’s staff); Baker v. State, 878 So.2d 1236 (Fla.2004) (explaining that a limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice).
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve our strained postcon-viction judicial resources, we prohibit Defendant from filing any additional pro se appeals, pleadings, motions or petitions relating to his convictions and sentence in the underlying case. We do not take this action lightly, but “[ejnough is enough.” Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995); see Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004); Proctor v. State, 869 So.2d 752 (Fla. 5th DCA 2004). Any further pleadings filed in this court relating to his convictions and sentence must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Defendant seeking relief from the convictions and sentence rendered in Brevard County, Eighteenth Judicial Circuit Court Case No. 05-1996-CF-26965.
AFFIRMED.
PALMER and TORPY, JJ., concur.