THOMPSON, J.
Twelve years ago, defendant Ronnie E. Connolly entered a plea to the charge of lewd assault upon a child. He now appeals the summary denial of his latest Rule 3.800(a) motion to correct illegal sentence. We begin by noting that Connolly’s successive factual claims about his earlier Georgia sentences are not cognizable under Rule 3.800(a). See, e.g., Hawn v. State, 840 So.2d 352 (Fla. 5th DCA 2003) (claim that sentence was illegal based on allegedly erroneous assessment of certain score-sheet points was improperly brought under Rule 3.800(a) because error, if it exists, cannot be ascertained from face of the record). Connolly’s 15-year sentence is legal.
Since this was Connolly’s eighth appearance in this court for this case, we ordered him to show cause why he should not be precluded from filing further pro se motions. See State v. Spencer, 751 So.2d 47 (Fla.1999). We have carefully considered Connolly’s response and find that good cause has not been shown.
Therefore, in order to conserve limited judicial resources, Connolly is prohibited from filing any additional pro se appeals, pleadings, motions and petitions relating to his conviction and sentence in the underlying case. See, e.g., Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004); Proctor v. State, 869 So.2d 752 (Fla. 5th DCA 2004); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); see also Baker v. State, 878 So.2d 1236 (Fla.2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice). Any pleadings or papers filed in this Court regarding said conviction and sentence must be reviewed and signed by an attorney licensed to practice in this state. The Clerk of the Fifth District Court of Appeal is directed not to accept any further pro se pleadings or filings from Ronnie E. Connolly in Osceola County, Ninth Judicial Circuit Court Case No. 92-265.
AFFIRMED; FUTURE PRO SE FILINGS PROHIBITED.
SAWAYA, C.J. and TORPY, J., concur.