PER CURIAM.
On Order to Show Cause
After being convicted of arson in 2000, Beaver has filed 26 different actions in this court, including eight civil appeals or petitions, eight mandamus petitions, and eight appeals of petitions related to his arson conviction. In this, his 27th action before this Court, Beaver filed an incoherent petition for writ of mandamus directed to two lower court cases, numbers 00-1168 and 00-190. Beaver was apparently upset by an order in those cases barring him from filing any further pleadings without being reviewed and signed by a licensed attorney.
Pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), we ordered Beaver to show cause why he should not be denied further access to this Court “for any proceeding pertaining to any case within the Ninth Judicial Circuit Court, unless reviewed and signed by an attorney licensed to practice law in the State of Florida.” After consid *1130 ering Beaver’s response, we find that good cause has not been shown.
Therefore, to conserve our limited judicial resources, Beaver is prohibited from filing any new pro se appeals, pleadings, motions, petitions or other papers or any proceeding pertaining to any case within the Ninth Judicial Circuit Court, unless reviewed and signed by an attorney licensed to practice in the State of Florida. See Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004). The Clerk of the Court of the Fifth District Court of Appeal is directed not to accept any further pro se filings from Beaver in any future proceeding pertaining to any case within the Ninth Judicial Circuit Court unless reviewed and signed by an attorney licensed to practice in the State of Florida. This prohibition does not apply to the appeals and petitions Beaver currently has pending before this Court.[1]
In addition to denying Beaver’s mandamus petition and denying him future pro se access to this Court, we note that the instant mandamus petition arose from two civil actions. Finding this petition to be frivolous and without merit, we observe that the Department of Corrections, pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2004), has the authority to forfeit Beaver’s gain time and impose other appropriate disciplinary sanctions. Accordingly, we direct our clerk, pursuant to section 944.279, to forward a certified copy of this opinion to the appropriate institution or facility for consideration of disciplinary procedures against Beaver. See Spencer v. Fla. Dept. of Corrections, 823 So.2d 752 (Fla.2002); Hall v. State, 752 So.2d 575 (Fla.2000).
PETITION DENIED; FUTURE PRO SE FILINGS PROHIBITED; SANCTIONS RECOMMENDED.
PLEUS, PALMER and ORFINGER, JJ., concur.

. Case Nos. 5D04-1226, 5D04-1267, 5D04-2002, 5D04-2112, 5D04-3555 and 5D04-3561.