SHARP, J.
The petitioner/defendant Dennis James Johnson, who entered guilty pleas in 1991 to Armed Robbery,[1] Burglary with a Battery,[2] and Escape,[3] did not file a direct appeal. Nor did he appeal the denial of his first three post-conviction efforts. However,- now he is back in this court for the seventh time, filing post-conviction appellate proceedings attacking his concurrent sentences.[4]
A copy of the plea agreement in this case establishes that the state was to recommend a sentence within the guideline recommended range and there was no agreement as to a specific sentence, nor did the - trial judge agree .to be bound by the agreement. Sentencing was held over twice so. that the accuracy of Johnson’s prior record could be assured. .
The last time Johnson was in our court, he sought review of an order denying his Rule 3.850- motion. He contested the fact that the trial court had prohibited him from filing any additional pro se attacks on his convictions and sentences and advised him that any violation of its order may result in contempt proceedings. The court related that, in an earlier Rule 3.800(a) proceeding, in light of his numerous prior “meritless motions that waste judicial resources,” it had issued an order to show cause why he should not be barred from further pro se access to the court, pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). According to the trial court, rather than offering an explanation for his repetitive motions, Johnson’s response raised “the same arguments which appear with such regularity -in his motions.” Thus, the court concluded, “It is certainly time to say with finality, ‘enough is enough.’ ” Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). ' This court per cu-riam affirmed that decision in July 2002.
*980 Because we agreed with the trial court’s conclusion in that case, we too issued a show cause order in this case pursuant to Spencer. Once again, rather than offering an explanation for his repetitive pleadings, Johnson’s response rehashes the same old arguments. We simply do not have the resources to continue to indulge defendants like Johnson with their repetitive, meritless filings. See Baker v. State, 878 So.2d 1236 (Fla.2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice); Proctor v. State, 869 So.2d 752, 753-54 (Fla. 5th DCA 2004) (“frequent filers” cause heavy burden; post-conviction caseload almost doubled in last 10 years without any accompanying increase in central staff).
Consequently, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Johnson from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentences in the underlying cases. Any further pleadings filed in this court relating to his convictions and sentences must be reviewed and signed by an attorney who is licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Dennis James Johnson, in Orange County, Ninth Judicial Circuit Court Nos. 90-7069, 90-7747, or 90-7748.
Petition for Mandamus DENIED; Future Pro Se Filings PROHIBITED.
PALMER and MONACO, JJ., concur.

. § 812.13(2)(a), Fla. Stat., a first-degree felony punishable by life.

. § 810.02, Fla. Stat., a first-degree felony punishable by life.

. § 944.40, Fla. Stat., a second-degree felony.

. His previous cases in this court were Nos. 5D00-323; 5D01-335; 5D01-1975; 5D01-2650; 5D01-3297; 5D02-1958.