PER CURIAM.
Clifford James Green, having entered a guilty plea over a decade ago and received the agreed-upon sentence, now appeals the summary denial of his two latest postcon-viction motions. Contrary to what is asserted, the issue he now raises has been raised previously, although framed a bit differently.[1]
Green shot and murdered one victim and attempted to murder four others during the course of his armed robberies. Pursuant to a plea agreement wherein both sides stipulated to a departure either way without written reasons, he entered a guilty plea to 16 counts, five of which had a recommended guideline sentence of life in prison. Upon receiving five life sentences, Green initiated an appeal that was dismissed and filed numerous postconviction pleadings.[2]
In the instant appeal, we ordered Green to show cause why he should not be precluded from filing further pro se motions because we found Green’s arguments and numerous filings to be without merit. See State v. Spencer, 751 So.2d 47 (Fla.1999) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). In response, Green asserts that he is not abusing the process because a Florida Rule of Criminal Procedure 3.800(a) motion can be filed at any time. However, that does not allow Green carte blanche to attack his sentence ad infini-tum. We have carefully reviewed Green’s response in its entirety and find that good cause has not been demonstrated.[3] Again we must say, “[e]nough is enough.” Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995). See Baker v. State, 878 So.2d 1236 (Fla.2004); Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004); Proctor v. State, 869 So.2d 752 (Fla. 5th DCA 2004).
We hereby prohibit Green from filing any additional pro se appeals, pleadings, motions, and/or petitions relating to his *925 conviction and sentence in the underlying case. We also prohibit Green from circumventing this bar by attacking his sentence via his companion case, case number 90-490. Any further pleadings filed in this court relating to his conviction and sentence must be reviewed and signed by an attorney who is licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any future pro se filings or pleadings from Clifford James Green in Volusia County, Seventh Judicial Circuit Court case number 90-489.
AFFIRMED; FUTURE PRO SE FILINGS PROHIBITED.
SAWAYA, C.J., THOMPSON and TORPY, JJ., concur.

. See Green v. State, 826 So.2d 317 (Fla. 5th DCA 2002); Green v. State, 619 So.2d 36 (Fla. 5th DCA 1993).

. Green v. State, 619 So.2d 36 (Fla. 5th DCA 1993); Green v. State, 635 So.2d 159 (Fla. 5th DCA 1994); Green v. State, 651 So.2d 1211 (Fla. 5th DCA 1995); Green v. State, 683 So.2d 501 (Fla. 5th DCA 1996); Green v. State, 731 So.2d 677 (Fla. 5th DCA 1999); Green v. State, 826 So.2d 317 (Fla. 5th DCA 2002); Green v. State, 860 So.2d 434 (Fla. 5th DCA 2003).

.Green also asserts that the trial court should have warned him of the possibility of sanctions. However, the trial court has nothing to do with this court's decision to sanction Green.