PER CURIAM.
Appellant, Ricardo Lopez Johnson, appeals the denial of his Florida Rule of *534 Criminal Procedure 3.850 motion for post-conviction relief. Finding no merit in his arguments, we affirm. In so doing, we take the additional step of barring Johnson from filing any further pro se pleadings in this case.
Johnson has appeared in this court thirty-three times in his three cases.[1] When his appearances here on his 1995 case reached double digits, this court issued a show cause order, asking Johnson to explain his reason for again abusing the legal process. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring courts “to first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence”). Johnson responded to this court’s show cause order with approximately six different arguments, none of which stands up to legal scrutiny, and it has become clear that Johnson is again abusing the legal system with his pro se filings.
Thus, we hold that Johnson is barred from future pro se filings in this court concerning Eighteenth Judicial Circuit Court case number 95-3079-CFA on the basis that his pleadings have become an abuse of process. As this court first said ten years ago, “Even Herman Melville had to come to an ending in Moby Dick.” Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996); see Carter v. State, 931 So.2d 1045, 1045 (Fla. 4th DCA 2006) (“Appellant’s repeated filing of frivolous appeals is diminishing this court’s ability to consider legitimate claims.”); Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995) (“Enough is enough.”); see also Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (finding Britt’s pro se filings were “frivolous, an abuse of process, and a waste of the taxpayers’ money”).
The Clerk of this court is directed not to accept any further pro se filings concerning this case from Ricardo Lopez Johnson; any additional pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); see, e.g., Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
SAWAYA, PALMER, and TORPY, JJ., concur.

. This court ultimately banned Johnson from further pro se filings in his 1988 case for abuse of process. Johnson v. State, 652 So.2d 980, 980 (Fla. 5th DCA 1995).