HAWKES, C.J.
 

 Appellant challenges the denial of his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850 (2010). Without reaching the merits of the motion, we affirm the trial court’s denial as the motion was clearly untimely.
 

 A Rule 3.850 motion must be filed within two years after the defendant’s judgment and sentence become final.
 
 See
 
 Fla. R.Crim. P. 3.850(b). The two-year time period begins to run when appellate proceedings have concluded and the court issues a mandate, a fact clearly stated in the Rule.
 
 See Jones v. State,
 
 602 So.2d 606, 607 (Fla. 1st DCA 1992). Although the Rule lists three exceptions to its timeliness requirement, it indicates the exceptions must be alleged in the postconviction motion to be considered.
 
 See
 
 Fla. R.Crim. P. 3.850(b)(l — 3).
 

 Here, the appellate proceedings in Appellant’s case concluded nearly 19 years ago when this Court affirmed his conviction. Despite this fact, Appellant proceeded to file the instant motion, giving no reason for his tardiness and failing to allege any of the exceptions listed in Rule 3.850(b)(l-3). When the trial court denied the action as time barred, Appellant ignored its reasoning and filed the instant appeal. Such action, which shows a lack of respect for court procedure and an indifference to the law, has resulted in court time and resources being spent on an appeal whose baseless nature was plain from the start.
 
 See Proctor v. State,
 
 869 So.2d 752, 753 (Fla. 5th DCA 2004), quoting
 
 United States v. Robinson,
 
 251 F.3d 594, 596 (7th Cir.2001) (“ ‘having to file, read, and return a frivolous motion is almost as great a burden on the court’s staff as the preparation of a ruling’ ”). Considering that the motion was clearly time barred, and considering that this fact was made known to Appellant prior to the filing of this appeal, we find Appellant’s appeal to be frivolous.
 

 For this reason, we not only affirm the denial of Appellant’s 3.850 motion, but also recommend that the Department of Corrections impose disciplinary sanctions, including, if appropriate, the loss of gain
 
 *334
 
 time.
 
 See
 
 § 944.279(1), Fla. Stat. (2009) (stating that when an inmate files a “frivolous or malicious collateral criminal proceeding,” a court may recommend “disciplinary procedures pursuant to the rules of the Department of Corrections”); § 944.28(2)(a), Fla. Stat. (2009) (authorizing the Department of Corrections to forfeit gain time when an inmate files a “frivolous suit, action, claim, proceeding, or appeal”). Pursuant to section 944.279, we direct the Clerk of this court to forward a certified copy of this opinion to the appropriate correctional facility for the consideration of disciplinary procedures against Appellant.
 

 AFFIRMED; Certified Opinion FORWARDED to the Department of Corrections.
 

 KAHN and WEBSTER, JJ, concur.