PER CURIAM.
Back in 2004, this Court stated:
For the tenth time in a very short time, petitioner, Levory William Hick-mon, is attempting to attack his conviction and/or sentence for possession of cocaine in Seminole County Circuit Court Case No. 01-574-CFB. Also, Hickmon has repeatedly attacked his convictions and/or sentences in his other Seminole County Circuit Court cases despite already serving those sentences. Hickmon is scheduled to be released in his current case in less than a year.
Hickmon was ordered to show cause why he should not be denied further access to this court pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). We find his response unconvincing. Hick-mon’s current petition lacks merit and represents an effort to circumvent the limitations placed on successive post conviction attacks of criminal convictions by the Criminal Appeal Reform Act of 1996 and Florida Rule of Criminal Procedure 3.850. Furthermore, meritless and successive claims are time consuming and impede the efficiency of the court. See Gaffney v. State, 878 So.2d *1123 470 (Fla. 5th DCA 2004); Donovan v. State, 868 So.2d 667 (Fla. 5th DCA 2004).
We therefore barred Mr. Hickmon from any other pro se filings. Hickmon v. State, 887 So.2d 408, 408-09 (Fla. 5th DCA 2004). This did not deter him in any way and he repeated his behavior as it related to his 2002 Seminole County case, including making sworn statements of dubious veracity. However, now, in addition to barring Mr. Hickmon from future pro se filings, this court has the ability to recommend to the Department of Corrections that it impose disciplinary sanctions for Mr. Hickmon’s continued abuse of the judicial process. See §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2011).
We do so now. See Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995) (“Enough is enough.”); Johnson v. State, 941 So.2d 533 (Fla. 5th DCA 2006) (banning defendant from pro se filings for the second time). The Clerk of this Court is directed not to accept any further pro se filings concerning Seminole County Circuit Court Case No. 02-3627-CFB from Levo-ry W. Hickmon, and any further pleadings will be summarily rejected by the Clerk unless filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to Mr. Hickmon and the appropriate institution for consideration of available disciplinary procedures. Rehearing will not be entertained.
Petition DENIED; Future pro se filings PROHIBITED; Certified Opinion FORWARDED to Mr. Hickmon and the Department of Corrections.
ORFINGER, C.J., PALMER and TORPY, JJ., concur.