# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-296
Lower Tribunal No. 04-14122
_____

**Roberto G. Ordonez-Medina,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Nushin Sayfie, Judge.

Robert G. Ordonez-Medina, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SALTER, FERNANDEZ and LUCK, JJ.

LUCK, J.

Roberto Ordonez-Medina appeals from the trial court's order denying his motion for postconviction DNA testing, pursuant to Florida Rule of Criminal

Procedure 3.853. The trial court found Ordonez-Medina had not met his burden to show a reasonable probability that he would have been acquitted if the DNA evidence from the firearm had been admitted at trial. See Lambrix v. State, No. SC16-56, 2017 WL 931105, at *6 (Fla. Mar. 9, 2017) ("[I]t is the defendant's burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant's sentence. [A] trial court does not err in denying a motion for DNA testing where the defendant cannot show that there is a reasonable probability that the absence or presence of DNA at a crime scene would exonerate him or lessen his sentence." (quotations omitted, second alteration in original)). For three reasons, we agree with the trial court's finding and affirm.

First, Ordonez-Medina confessed to shooting his ex-girlfriend. Ordonez-Medina gave a recorded confession that he grabbed the firearm, pointed it at the victims' vehicle, and fired into the vehicle, striking his ex-girlfriend on the left side of her hip. Earlier, Ordonez-Medina confessed to a different law enforcement officer that he shot the victim. And even earlier, shortly after the attempted murder, Ordonez-Medina spontaneously stated to a third law enforcement officer that he shot the victim.

Second, a law enforcement officer eyewitness saw Ordonez-Medina with a firearm in his hand immediately after the shooting. This eyewitness officer heard

2

the argument between Ordonez-Medina and his ex-girlfriend, heard the shooting, saw Ordonez-Medina follow the victims in the car, and followed Ordonez-Medina as he had the firearm in his hand. The officer, after he stopped Ordonez-Medina car, took possession of the firearm from the front passenger seat.

Third, Ordonez-Medina faulted his trial counsel for not pursuing an accident/diminished capacity defense. In Ordonez-Medina's 2012 post-conviction motion, he alleged that his trial counsel was ineffective for failing to offer evidence that the shooting was an accident or the result of diminished capacity because of a mental illness.

The Florida Supreme Court, in a series of DNA testing cases, has concluded that with confessions, eyewitness testimony, and an accident defense, the defendant cannot show a reasonable probability of an acquittal. The identity of the defendant in these kinds of cases, the Court has explained, is not in doubt. See Hitchcock v. State, 991 So. 2d 337, 348 (Fla. 2008) ("We agree with the circuit court's finding that Hitchcock has not demonstrated how DNA testing would result in newly discovered evidence likely to produce an acquittal on retrial. DNA analysis of the pubic hairs found on the victim would not exonerate Hitchcock because he admitted having sexual intercourse with her."); Sireci v. State, 908 So. 2d 321, 325 (Fla. 2005) ("[W]e conclude that, in light of the other evidence of guilt, there is no reasonable probability that Sireci would have been acquitted or

3

received a lesser sentence if the State had not introduced into evidence the hair on Poteet's sock. As we have noted, seven witnesses testified that Sireci admitted to them that he killed Poteet. We find no error in this regard."); Robinson v. State, 865 So. 2d 1259, 1265 (Fla. 2004) ("Robinson failed to state in the motion how DNA testing of all the items listed would exonerate him of or even mitigate his sentences for robbery, sexual battery, and first-degree murder. Notably, Robinson stipulated that he shot the victim twice in the head, but claimed that the first shot was accidental and took place after the two engaged in consensual sex. Thus, his identity and physical contact with the decedent are not at issue. (citation omitted)); see also Hartline v. State, 806 So. 2d 595, 595-96 (Fla. 5th DCA 2002) ("[W]e agree with the court below that there is no reasonable probability of acquittal if the DNA evidence was reexamined. Hartline's identity was not in question and based on the sexual activity with the child victim which he admitted performing, the victim's testimony, and acts an eyewitness described, even exculpatory DNA results would not have been given any weight by the jury.").

Here, we have the same kind of evidence. Ordonez-Medina confessed; an eyewitness saw him with a gun immediately after the shooting; and his preferred defense was that the shooting was an accident (not that he didn't do it). With all this, Ordonez-Medina has not shown a reasonable probability that he would have

4

been acquitted if DNA from the firearm had been admitted at trial.  We, therefore, affirm.

       Affirmed.