# Supreme Court of Florida

————————

No. SC17-997

————————

**LEVORY WILLIAM HICKMON,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[March 1, 2018]

PER CURIAM.

This case is before the Court on the pro se petition of Levory William Hickmon for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. This is the forty-ninth petition or notice that Hickmon has filed with this Court since 1999. On September 13, 2017, we dismissed the instant petition, expressly retained jurisdiction, and ordered Hickmon to show cause why he should not be barred from filing further pro se filings in this Court. *See Hickmon v. Jones*, No. SC17-997, 2017 WL 4021217 (Fla. Sept. 13, 2017); *see also* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Hickmon has failed to show cause why he should not be barred, and we sanction him as set forth below.

In 2006, Hickmon was convicted of fleeing a law enforcement officer, obstructing a criminal investigation, and possessing cocaine in case number 592002CF003627A000XX in the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida.  He was sentenced to thirty years' imprisonment.  On June 10, 2008, the Fifth District Court of Appeal per curiam affirmed his convictions and sentences.  *See Hickmon v. State*, 983 So. 2d 1162 (Fla. 5th DCA 2008) (table).  Since then, Hickmon has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court.

Hickmon has filed with this Court twenty-eight petitions and notices challenging his 2006 convictions and sentences.[1]  He has filed twenty additional

---

1.  *See Hickmon v. State*, No. SC17-728, 2017 WL 2645318 (Fla. June 20, 2017) (dismissing mandamus petition); *Hickmon v. State*, No. SC16-16, 2016 WL 743873 (Fla. Feb. 24, 2016) (dismissing mandamus petition); *Hickmon v. Crews*, No. SC14-484 (Fla. May 22, 2014) (transferring habeas petition to circuit court); *Hickmon v. State*, 120 So. 3d 560 (Fla. 2013) (table) (denying mandamus petition); *Hickmon v. Crews*, 118 So. 3d 807 (Fla. 2013) (table) (dismissing habeas petition); *Hickmon v. State*, 115 So. 3d 1000 (Fla. 2013) (table) (dismissing mandamus petition); *Hickmon v. State*, 116 So. 3d 1261 (Fla. 2013) (table) (denying prohibition petition); *Hickmon v. State*, 103 So. 3d 140 (Fla. 2012) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 944 So. 2d 344 (Fla. 2006) (table) (denying mandamus petition); *Hickmon v. Seminole Cty. Corr. Facility*, 917 So. 2d 193 (Fla. 2005) (table) (granting mandamus petition); *Hickmon v. Seminole Cty. Corr. Facility*, 905 So. 2d 125 (Fla. 2005) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 901 So. 2d 873 (Fla. 2005) (table) (denying notice invoking discretionary jurisdiction); *Hickmon v. State*, 905 So. 2d 125 (Fla. 2005) (table) (dismissing mandamus petition as moot); *Hickmon v. State*, 898 So. 2d 80 (Fla. 2005) (table) (denying mandamus petition); *Hickmon v. State*, 892 So. 2d 1012 (Fla. 2004) (table) (denying notice invoking discretionary jurisdiction); *Hickmon v. State*, No. SC04-

petitions and notices with the Court relating to other matters.[2]  Only once has this

Court granted Hickmon the relief he sought in any of his petitions and notices.  *See*

1753 (Fla. Dec. 6, 2004) (transferring prohibition petition to district court); *Hickmon v. State*, 886 So. 2d 227 (Fla. 2004) (table) (dismissing mandamus petition); *Hickmon v. State*, No. SC04-1676 (Fla. Sept. 14, 2004) (transferring habeas petition to circuit court); *Hickmon v. State*, 884 So. 2d 22 (Fla. 2004) (table) (voluntarily dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 869 So. 2d 539 (Fla. 2004) (table) (dismissing mandamus petition); *Hickmon v. State*, 873 So. 2d 1223 (Fla. 2004) (table) (dismissing mandamus petition); *Hickmon v. State*, No. SC03-2098 (Fla. Dec. 16, 2003) (transferring habeas petition to circuit court); *Hickmon v. State*, 862 So. 2d 727 (Fla. 2003) (table) (dismissing habeas petition) (No. SC03-2102); *Hickmon v. State*, 862 So. 2d 727 (Fla. 2003) (table) (dismissing habeas petition) (No. SC03-2101); *Hickmon v. State*, 780 So. 2d 913 (Fla. 2001) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 767 So. 2d 457 (Fla. 2000) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 732 So. 2d 327 (Fla. 1999) (table) (dismissing notice invoking discretionary jurisdiction) (No. 95, 478); *Hickmon v. State*, 732 So. 2d 327 (Fla. 1999) (table) (dismissing notice invoking discretionary jurisdiction) (No. 95, 426).

2.  *See Hickmon v. F.B.I.*, 157 So. 3d 1044 (Fla. 2014) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. Crews*, No. SC13-2504 (Fla. May 28, 2014) (transferring mandamus petition to district court); *Hickmon v. Seminole Cty. Corr. Facility*, 5 So. 3d 668 (Fla. 2009) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. Crist*, 3 So. 3d 317 (Fla. 2008) (table) (denying mandamus petition); *Hickmon v. Prepaid Legal Servs., Inc.*, No. SC08-678 (Fla. June 30, 2008) (transferring mandamus petition to district court); *Hickmon v. Jackson*, 983 So. 2d 1154 (Fla. 2008) (table) (dismissing mandamus petition); *Hickman v. Crist*, 6 So. 3d 607 (Fla. 2008) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. McDonough*, No. SC07-1223 (Fla. July 16, 2007) (transferring habeas petition to circuit court); *Hickmon v. Seminole Cty. Corr. Facility*, 6 So. 3d 607 (Fla. 2007) (table) (denying mandamus petition); *Hickmon v. McDonough*, No. SC07-560 (Fla. Apr. 9, 2007) (transferring habeas petition to district court); *Hickmon v. Stephenson*, 949 So. 2d 198 (Fla. 2007) (table) (denying mandamus petition); *Hickmon v. Seminole Cty. Corr. Facility*, 945 So. 2d 1290 (Fla. 2006) (table) (denying mandamus petition); *Hickmon v. Fla. Dep't of Corr.*, 939 So. 2d 93 (Fla. 2006) (table) (dismissing mandamus petition);

*Hickmon v. Seminole Cty. Corr. Facility*, 917 So. 2d 193 (Fla. 2005) (table) (granting mandamus petition).  Each of the remaining forty-seven petitions and notices was denied, dismissed, or transferred to another court for consideration.

Hickmon filed the instant petition for writ of habeas corpus with the Court on May 23, 2017.  In it, Hickmon argued that his convictions and sentences should be set aside because the judges of the Eighteenth Judicial Circuit were allegedly biased against him, and his Sixth Amendment right to counsel and Fourteenth Amendment right to due process were violated at his 2006 trial.  Because we determined the relief Hickmon sought was unauthorized, on September 13, 2017, we dismissed the petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004), and expressly retained jurisdiction to consider the imposition of sanctions.  In accordance with *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), we

---

*Hickmon v. Clerk of the Circuit Court, Seminole Cty.*, 939 So. 2d 1058 (Fla. 2006) (table) (denying mandamus petition); *Hickmon v. Fla. Dep't of Corr.*, 928 So. 3d 335 (Fla. 2006) (table) (dismissing notice invoking discretionary jurisdiction); *Hickmon v. State*, 924 So. 2d 808 (Fla. 2006) (table) (denying prohibition petition); *Hickmon v. Smith*, 918 So. 2d 292 (Fla. 2005) (table) (voluntarily dismissing notice invoking discretionary jurisdiction); *Hickmon v. Stephenson*, 911 So. 2d 98 (Fla. 2005) (table) (closing prohibition petition case and placing petition in Case No. SC04-2412 as a motion for stay of proceedings); *Hickmon v. Stephenson*, 901 So. 2d 873 (Fla. 2005) (table) (denying notice invoking discretionary jurisdiction); *Hickmon v. State*, No. SC05-122 (Fla. Mar. 3, 2005) (transferring mandamus petition to circuit court).

ordered Hickmon to show cause why he should not be barred from filing further pro se requests for relief.

In his response to this Court's order, Hickmon maintains that his convictions and sentences were improper and asks to "be let off with a warning." He asserts that due process requires such a warning before his access to this Court is limited. However, Hickmon was provided with notice that the Court was considering the imposition of sanctions and an opportunity to respond thereto, as is required before imposing sanctions. *See Spencer*, 751 So. 2d at 48. Additionally, Hickmon has previously been prohibited from filing further pro se documents in the district court as a result of his unrelenting pro se requests for relief, and it should be no surprise to him that such conduct can lead to being barred from filing further pro se pleadings in this Court. *See Hickmon v. State*, 96 So. 3d 1122 (Fla. 5th DCA 2012); *Hickmon v. State*, 887 So. 2d 408 (Fla. 5th DCA 2004).

Therefore, based on Hickmon's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their

legitimate filings").  If no action is taken, Hickmon will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Levory William Hickmon, unless such filings are signed by a member in good standing of The Florida Bar.  Henceforth, Hickmon may only petition this Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.  Additionally, we find the petition filed in this case by Hickmon is a frivolous proceeding filed by a state prisoner.  *See* § 944.279(1), Fla. Stat. (2017).  Consistent with section 944.279(1), Florida Statutes (2017), we direct the Clerk of this Court to forward a certified copy of this opinion to the Department of Corrections' institution or facility where Hickmon is incarcerated.  *See Steele v. State*, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Habeas Corpus

Levory William Hickmon, pro se, Lake City, Florida,

for Petitioner

No appearance for Respondent