# Supreme Court of Florida

_____

No. SC17-1934
_____

**ARMANDO RIVAS,**
Petitioner,

vs.

**THE BANK OF NEW YORK MELLON,**
Respondent.

[March 22, 2018]

PER CURIAM.

This case is before the Court on the petition of Armando Rivas to invoke this Court's discretionary jurisdiction based on express and direct conflict. We have considered the jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under article V, section 3(b)(3) of the Florida Constitution and hereby deny the petition.

Due to his numerous meritless and inappropriate filings in this Court pertaining to his foreclosure proceedings in the Circuit Court of the Fifteenth

Judicial Circuit, in and for Palm Beach County, Florida,[1] during the pendency of his petition for jurisdiction in this case, Rivas was directed to show cause why he should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief pertaining to his foreclosure proceedings in the Fifteenth Judicial Circuit.[2] Rivas has filed a response to the order to show cause.

After considering Rivas's response, we conclude that it fails to show cause why he should not be sanctioned. Rivas has compiled a history of pro se filings in this Court that were devoid of merit or inappropriate for review.

---

1. In 2017, Rivas filed five other actions in this Court against The Bank of New York Mellon, four of which were filed in November alone. *See Rivas v. Bank of New York Mellon*, No. SC17-2099, 2018 WL 1020505 (Fla. Feb. 22, 2018) (review dismissed); *Rivas v. Bank of New York Mellon*, No. SC17-2098, 2017 WL 5983898 (Fla. Dec. 1, 2017) (review dismissed); *Rivas v. Bank of New York Mellon*, No. SC17-2043, 2017 WL 6031779 (Fla. Dec. 6, 2017) (petition transferred to district court); *Rivas v. Bank of New York Mellon*, No. SC17-1682, 2017 WL 4161262 (Fla. Sept. 20, 2017) (unpublished) (review dismissed); *Rivas v. Bank of New York Mellon*, No. SC17-203, 2017 WL 2569934 (Fla. June 14, 2017) (unpublished) (review dismissed). Rivas filed two additional actions in this Court against The Bank of New York Mellon in 2018. *See* Notice of Appeal to the Florida Supreme Court, or Alternatively, Notice to Invoke Discretionary Jurisdiction of the Florida Supreme Court at 1, *Rivas v. Bank of New York Mellon*, No. SC18-253 (Fla. Feb. 9, 2018); *Rivas v. Bank of New York Mellon*, No. SC18-138, 2018 WL 1151800 (Fla. Mar. 5, 2018) (review denied).

2. *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999) (stating that a court must first provide notice and an opportunity to respond before sanctioning a litigant and prohibiting litigant from future pro se filings).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Armando Rivas pertaining to his foreclosure proceedings in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Rivas's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fourth District - Case No. 4D17-2704

(Palm Beach County)

Armando Rivas, pro se, Boynton Beach, Florida,

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. *See, e.g.*, *Riethmiller v. Riethmiller*, 133 So. 3d 926 (Fla. 2013); *McCutcheon v. State*, 117 So. 3d 769 (Fla. 2013); *James v. Tucker*, 75 So. 3d 231 (Fla. 2011); *Johnson v. Rundle*, 59 So. 3d 1080 (Fla. 2011); *Steele v. State*, 14 So. 3d 221 (Fla. 2009); *Pettway v. McNeil*, 987 So. 2d 20 (Fla. 2008).

for Petitioner

Nancy M. Wallace of Akerman LLP, Tallahassee, Florida, Adam G. Schwartz of Akerman LLP, West Palm Beach, Florida, and William P. Heller of Akerman LLP, Fort Lauderdale, Florida,

for Respondent