# Supreme Court of Florida

––––––––––––

No. SC18-201

––––––––––––

**CARLOS L. WOODSON A/K/A CARLO L. WOODSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 26, 2018]

PER CURIAM.

Carlos L. Woodson, an inmate in state custody, filed a pro se petition to invoke this Court's all writs jurisdiction.[1]  His petition in this case is the fourteenth extraordinary writ petition or notice he has filed with this Court since 1999.  It is the sixth extraordinary writ petition he has filed in the last twelve months.  We dismissed Woodson's petition in this case and, in doing so, expressly retained jurisdiction to pursue possible sanctions against him.  *Woodson v. State*, No. SC18-201, 2018 WL 920005 (Fla. Feb. 16, 2018) (order dismissing all writs petition and

–––––––––––––––––––––

1.  We have jurisdiction.  *See* art. V, § 3(b)(7), Fla. Const.

directing Woodson to show cause why pro se filing restrictions should not be imposed); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Woodson was convicted in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in case number 131996CF0051580001XX, of one count of burglary with an assault or battery therein while armed, and two counts of sexual battery committed with a deadly weapon or force. He was sentenced in January 1998 to forty-five years' imprisonment on each count. Woodson's convictions and sentences were affirmed by the Third District Court of Appeal on direct appeal. *Woodson v. State*, 739 So. 2d 1210 (Fla. 3d DCA 1999). All of Woodson's filings in this Court seeking to challenge these convictions and sentences have been frivolous, devoid of merit, or inappropriate for consideration by this Court.[2] We have never granted Woodson the relief sought by him in any of his filings.

---

2. *See Woodson v. State*, No. SC17-2144, 2018 WL 456159 (Fla. Jan. 17, 2018) (all writs petition dismissed); *Woodson v. Jones*, No. SC17-1702, 2017 WL 4876594 (Fla. Oct. 30, 2017) (habeas petition denied); *Woodson v. State*, No. SC17-1089, 2017 WL 3821282 (Fla. Sept. 1, 2017) (mandamus petition denied); *Woodson v. Jones*, No. SC17-643, 2017 WL 1788034 (Fla. May 5, 2017) (habeas petition dismissed); *Woodson v. Jones*, No. SC17-188, 2017 WL 822369 (Fla. Mar. 2, 2017) (habeas petition dismissed); *Woodson v. State*, No. SC16-1406, 2016 WL 6584675 (Fla. Oct. 5, 2016) (mandamus petition dismissed); *Woodson v. State*, No. SC16-1280, 2016 WL 3918606 (Fla. July 20, 2016) (mandamus petition dismissed); *Woodson v. Jones*, No. SC16-723, 2016 WL 2932002 (Fla. May 18, 2016) (habeas petition denied); *Woodson v. Rundle-Fernandez*, 19 So. 3d 987 (Fla. 2009) (table) (quo warranto petition denied); *Woodson v. State*, No. SC08-2384 (Fla. Feb. 19, 2009) (mandamus petition denied); *Woodson v. State*, 977 So. 2d 579

Woodson's all writs petition in this case is no exception.  In it, Woodson challenged the Third District Court of Appeal's 1999 decision in his direct appeal, arguing that the court wrongfully failed to address his challenge to the validity of the charging information.  Woodson requested that the Court compel the Third District Court of Appeal to rule on the merits of a claim it previously determined was not properly preserved for appellate review.  Because Woodson failed to cite an independent basis that would allow the Court to exercise its all writs authority, we dismissed the petition pursuant to *Williams v. State*, 913 So. 2d 541 (Fla. 2005), and *St. Paul Title Insurance Corp. v. Davis*, 392 So. 2d 1304 (Fla. 1980), and in accordance with *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), we directed Woodson to show cause why he should not be barred from filing any future pro se requests for relief in this Court pertaining to case numbers 131996CF0051580001XX and 3D98-430.  In his response to the show cause order, Woodson continued to raise the same arguments raised in his previous petitions before this Court concerning the Third District Court of Appeal's 1999 decision in his direct appeal.  Upon due consideration of Woodson's response, we find that his arguments are without merit.

---

(Fla. 2008) (table) (petition for review dismissed for lack of jurisdiction); *Woodson v. State*, 796 So. 2d 539 (Fla. 2001) (table) (petition for review denied); *Woodson v. State,* 749 So. 2d 505 (Fla. 1999) (table) (petition for review denied).

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hastings v. State*, 79 So. 3d 739, 742 (Fla. 2011); *Johnson v. Rundle*, 59 So. 3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Woodson has abused the judicial process and burdened this Court's limited judicial resources. Woodson's response to this Court's order to show cause failed to offer any justification for his abuse or to express regret for his repeated misuse of this Court's resources. Woodson does not appreciate or respect the judicial process or this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). We are therefore convinced that, if not restrained, Woodson will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to case numbers 131996CF0051580001XX and 3D98-430.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Carlos L. Woodson that pertain to case numbers 131996CF0051580001XX and 3D98-430, unless such filings are

signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Woodson may only petition this Court about case numbers 131996CF0051580001XX and 3D98-430 when such filings are signed by a member in good standing of The Florida Bar whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Additionally, we find that the petition filed by Carlos L. Woodson in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2017). Consistent with section 944.279(1), Florida Statutes (2017), we direct the Clerk of this Court to forward a certified copy of this opinion to the Department of Corrections' institution or facility where Woodson is incarcerated. *See Steele v. State*, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – All Writs

Carlos L. Woodson a/k/a Carlo L. Woodson, pro se, Bonifay, Florida,

    for Petitioner

No appearance for Respondent