# Supreme Court of Florida

_____

No. SC18-476
_____

**KENNETH L. SHIRAH, SR.,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

October 19, 2018

PER CURIAM.

This case is before the Court on the petition of Kenneth L. Shirah, Sr. for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. By order dated July 10, 2018, we dismissed Shirah's petition as facially insufficient. *Shirah v. State*, No. SC18-476, Order at 1, 2018 WL 3360586 (Fla. July 10, 2018). Concurrent with the dismissal of the petition, we expressly retained jurisdiction to pursue possible sanctions against Shirah. *Id.*; *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Shirah was convicted in the Circuit Court for the Fourteenth Judicial Circuit, in and for Holmes County, Florida, of two counts of coercing a child to perform a

sex act (case number 301992CF000178XXAXMX), and sentenced to a seventeen-year term of imprisonment for each count in 1993.  Shirah was released from custody in 2000.

Shirah began filing petitions with the Court in 2000.  Since that time, he has filed thirteen previous petitions and notices related to his convictions in circuit court case number 301992CF000178XXAXMX.[1]  Seven of these filings have been habeas petitions that were dismissed as facially insufficient, while the remainder were dismissed on other grounds, denied, or transferred.  The habeas petition in this case was no exception.  The petition contained scattered references to Shirah's

---

1.  *See Shirah v. Jones*, No. SC17-457, 2017 WL 1399834 (Fla. Apr. 19, 2017) (habeas petition dismissed as facially insufficient); *Shirah v. State*, No. SC17-59, 2017 WL 944243 (Fla. Mar. 10, 2017) (habeas petition dismissed as facially insufficient); *Shirah v. State*, No. SC16-449, 2016 WL 1583844 (Fla. Apr. 20, 2016) (notice administratively dismissed); *Shirah v. State*, No. SC15-1385 (Fla. Sept. 9, 2015) (mandamus petition transferred); *Shirah v. State*, 177 So. 3d 1271 (Fla. 2015) (table) (No. SC15-703) (habeas petition dismissed as facially insufficient); *Shirah v. State*, 163 So. 3d 513 (Fla. 2015) (table) (No. SC14-2457) (habeas petition dismissed as facially insufficient); *Shirah v. State*, 147 So. 3d 527 (Fla. 2014) (table) (No. SC14-776) (habeas petition dismissed as facially insufficient); *Shirah v. State*, 145 So. 3d 828 (Fla. 2014) (table) (No. SC13-2564) (habeas petition dismissed as a repetitive transfer); *Shirah v. State*, 135 So. 3d 290 (Fla. 2013) (table) (No. SC13-1714) (habeas petition dismissed for failure to comply); *Shirah v. State*, 84 So. 3d 1032 (Fla. 2012) (table) (No. SC12-183) (habeas petition dismissed as facially insufficient); *Shirah v. Buss*, 64 So. 3d 118 (Fla. 2011) (table) (No. SC11-609) (habeas petition dismissed as facially insufficient); *Shirah v. McNeil*, No. SC10-149 (Fla. Apr. 13, 2010) (mandamus petition transferred); *Shirah v. State*, 770 So. 2d 160 (Fla. 2000) (table) (No. SC00-1449) (habeas petition denied as procedurally barred).

convictions and sentences, but was otherwise nearly incomprehensible. Because this was Shirah's fourteenth petition or notice pertaining to his convictions filed in this Court since 2000, and the eighth such petition to be dismissed as facially insufficient, we issued an order directing Shirah to show cause why he should not be prohibited from filing any further pro se documents in this Court related to the above-stated case. Shirah failed to file a response to the order to show cause.

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hickmon v. Jones*, 237 So. 3d 932 (Fla. 2018); *Woodson v. State*, 242 So. 3d 315 (Fla. 2018). Through his persistent history of filing pro se petitions that were frivolous, meritless, or otherwise inappropriate for this Court's review, Shirah has abused the judicial process and burdened this Court's limited judicial resources. His filings indicate a lack of understanding of the appellate process and that he is unwilling or unable to gain an understanding of it. Shirah did not respond to the order to show cause, thus failing to offer any justification or express any regret for his repeated misuse of this Court's resources. We are therefore convinced that, if not restrained, Shirah will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case number 301992CF000178XXAXMX.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Kenneth L. Shirah, Sr. that pertain to circuit court case number 301992CF000178XXAXMX, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Shirah may only petition the Court about his convictions or sentences in case number 301992CF000178XXAXMX through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Habeas Corpus

Kenneth L. Shirah, Sr., pro se, Tallahassee, Florida,

for Petitioner

No appearance for Respondent