# Supreme Court of Florida

_____

No. SC18-1531
_____

**MARK C. JACKSON,**
Petitioner,

vs.

**STATE OF FLORIDA, et al.,**
Respondents.

June 13, 2019

PER CURIAM.

Mark C. Jackson—a pro se litigant—filed a petition to invoke this Court's discretionary jurisdiction. By order dated April 11, 2019, we denied Jackson's petition but expressly reserved jurisdiction to pursue possible sanctions against him. *Jackson v. State*, No. SC18-1531, 2019 WL 1575238 (Fla. Apr. 11, 2019); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

While his case was pending in this Court, Jackson filed a litany of motions that were frivolous, devoid of merit, or sought relief previously denied in case numbers SC12-367 and SC17-1628. Because of his filing history, Jackson was ordered to show cause why he should not be prohibited from submitting further pro

se documents in this Court. *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999) (requiring that a litigant be provided notice and an opportunity to respond before sanctions are imposed). Jackson has now filed a response to the Court's order.

We conclude that Jackson has failed to show cause why he should not be sanctioned. Through his persistent filing of nonmeritorious requests for relief, Jackson has abused the judicial process. Jackson's response neglected to provide any justification for this abuse or to express remorse for his repeated misuse of the Court's resources. We are therefore convinced that, if not restrained, Jackson will continue to burden this Court with frivolous and meritless filings, diverting finite judicial resources from other litigants. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008).

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings, petitions, motions, documents, letters, or other requests for relief submitted by Mark C. Jackson, unless such filings are signed by a member in good standing of The Florida Bar.[1] Counsel may file on Jackson's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.

_____

1. In recent years, we have imposed comparable sanctions on other pro se litigants who have exhibited their disregard for abusing the scarce judicial resources of this Court. *See, e.g.*, *Wetzel v. Travelers Cos., Inc.*, 267 So. 3d 978 (Fla. 2019); *Shirah v. State*, 257 So. 3d 23 (Fla. 2018); *Woodson v. State*, 242 So. 3d 315 (Fla. 2018); *Rivas v. Bank of N.Y. Mellon*, 239 So. 3d 614 (Fla. 2018).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

Application for Review of the Decision of the District Court of Appeal – Constitutional Construction

First District - Case No. 1D18-242

(Bradford County)

Mark C. Jackson, pro se, Starke, Florida,

for Petitioner

No appearance for Respondent